Scott E. Gizer, State Bar Number 221962
*sgizer@earlysullivan.com*
Jeremy Gray, State Bar Number 150075
*jgray@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Defendant
ROMANTIX ONLINE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL PEREZ and HENRY BRADLEY, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>ROMANTIX ONLINE, INC., INNOV8 SOLUTIONS, INC., ALPHABET INC., and NEXTROLL, INC.,<br><br>Defendants. | Case No. 5:25-cv-02465-NW<br><br>**DEFENDANT ROMANTIX ONLINE, INC.'S ANSWER TO COMPLAINT**<br><br>Judge: Noel Wise |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant ROMANTIX ONLINE, INC. ("Defendant") answers the Complaint of Plaintiffs ("Plaintiffs"). If an averment is not specifically admitted, it is hereby denied.

**ANSWER TO COMPLAINT**

1. Answering Paragraph 1, Defendant denies the allegations regarding ownership of the website but admits that it sells adult products. Defendant is without sufficient knowledge, information or belief to admit or deny the remaining allegations in paragraph 1 and, on that basis, denies such allegations.

2. Answering paragraph 2, Defendant denies that Plaintiffs are entitled to any relief and/or that they have been injured in any way.

3. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 3 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

4. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 4 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

5. Defendant denies the allegations in paragraph 5.

6. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 6 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

7. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 7 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

8. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 8 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

9. Defendant denies that it engaged in any acts and omissions as alleged in paragraph 9.

10. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 10, 11, 13, 14, and 15 and, on that basis, denies such allegations.

11. Defendant admits the allegations in paragraph 12.

12. Defendant denies the allegations in paragraph 16.

13. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 17 and, on that basis, denies such allegations.

14. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 18 and, on that basis, denies such allegations.

15. The language quoted in paragraph 19 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 19.

16. The language linked in paragraph 20 speaks for itself and Defendant denies any and all characterizations of such language linked in paragraph 20.

17. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 21 and, on that basis, denies such allegations.

18. The language quoted in paragraph 22 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 22.

19. The language quoted in paragraph 23 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 23.

20. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 24 and, on that basis, denies such allegations.

21. The language quoted in paragraph 25 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 25.

22. The language quoted in paragraph 26 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 26.

23. The language quoted in paragraph 27 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 27.

24. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 28 and, on that basis, denies such allegations.

25. Defendant denies the allegations in paragraph 29.

26. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 30 and, on that basis, denies such allegations.

27. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 31, 32, 33, 34, 35, 36, 37, and 38 and, on that basis, denies such allegations.

28. Defendant denies the allegations in paragraph 39.

29. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 40, 41, 42, 43, 44, and 45 and, on that basis, denies such allegations.

30. Defendant denies the allegations in paragraph 46.

31. The language referenced in paragraph 47 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 47, including and especially an allegation of falsity.

32. The language quoted in paragraph 48 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 48.

33. The language referenced in paragraph 49 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 49, including and especially an allegation of deception.

34. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 50, 51 and 52 and, on that basis, denies such allegations.

35. The allegations in paragraphs 53 through 63 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

36. Defendant denies the allegations in paragraph 64.

37. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 65 and, on that basis, denies such allegations.

38. Defendant denies the allegations in paragraph 66.

39. The allegations in paragraphs 67 through 71 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

40. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 72 and, on that basis, denies such allegations.

41. The allegations in paragraphs 73 through 74 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

42. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 75 and, on that basis, denies such allegations.

43. The allegations in paragraph 76 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

44. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 77-93 and, on that basis, denies such allegations.

45. Defendant denies the allegations in paragraphs 94-102.

46. Defendant denies that Plaintiffs are entitled to the relief as alleged in paragraphs 103-170 and, on that basis, denies all such allegations.

47. Defendant denies that Plaintiffs are entitled to the relief alleged in paragraph 171 and/or a jury trial as alleged in paragraph 172.

**AFFIRMATIVE DEFENSES**

Defendant pleads the following separate affirmative defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

**FIRST AFFIRMATIVE DEFENSE**

**(Consent - Explicit)**

48. The named plaintiff and/or any putative class members, and each of them, explicitly consented to the collection of any allegedly offending data, including, without limitation the identity of visitors to Defendant's website.

**SECOND AFFIRMATIVE DEFENSE**

**(Consent - Implied)**

49. The named plaintiff and/or any putative class members, and each of them, impliedly consented to the collection of any allegedly offending data, including, without limitation the identity of visitors to Defendant's website.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

50. The named plaintiff and/or any putative class members, and each of them, waived any claim(s)under the California Invasion of Privacy Act ("CIPA") and/or any similar law, including, without limitation the Federal Wiretap Act, Common Law Invasion of Privacy and/or the California Constitution (the "Privacy Claims").

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

51. The named plaintiff and/or any putative class members, and each of them, are estopped from bringing any claim or claims under the CIPA and/or any of the Privacy Claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

52. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the one-year statute of limitation for claims arising under the CIPA and/or any of the Privacy Claims.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

53. The claims of the named plaintiff and/or any putative class members, and each of them, are unsustainable because the Complaint fails to state a cause of action upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

54. The named plaintiff and/or any putative class members, and each of them, lack standing to bring any claim or claims under the CIPA and/or any of the Privacy Claims.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

55. The named plaintiff and/or any putative class members, and each of them, failed to mitigate any damages they, or any of them, claim to have incurred.

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

56. Any damages incurred by the named plaintiff and/or any putative class members, or any of them, are offset by the benefit(s) gained by their use of Defendant's website and/or any alleged collection of data.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

57. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

58. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Fault Of Others)**

59. Any injury or damage suffered by the named plaintiff and/or any putative class members, and each of them, were caused or contributed to by the misconduct or wrongful conduct of the party seeking relief and/or a third party or parties, and such conduct eliminates or comparatively reduces the liability, if any of Defendant.

///

///

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiffs take nothing by reason of this Complaint and that judgment be entered against Plaintiffs and in favor of Defendant;

3. That Defendant be awarded its costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 2, 2025

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP

By: */s/ Scott E. Gizer*
Scott E. Gizer
Jeremy Gray
Attorneys for Defendant
ROMANTIX ONLINE, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of June, 2025, I electronically filed the foregoing **DEFENDANT ROMANTIX ONLINE, INC.'S ANSWER TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jack Fitzgerald
Melanie R. Monroe
Trevor Flynn
Peter Grazul
Allison Ferraro
FITZGERALD MONROE FLYNN PC
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741
*Email: jfitzgerald@fmfpc.com; mmonroe@fmfpc.com; tflynn@fmfpc.com; pgrazul@fmfpc.com; aferraro@fmfpc.com*

*Attorneys for Plaintiffs Paul Perez and Henry Bradley*

Jeffrey M. Gutkin
Aarti Reddy
Ashley Corkery
Kelton N. Murphy
Jinyoung Lee
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
*Email: jgutkin@cooley.com; areddy@cooley.com; acorkery@cooley.com; kbasirico@cooley.com; jinyoung.lee@cooley.com*

*Attorneys for Defendants Substituted Party Google LLC*

James Francis Monagle
Edgar F. Navarrete
MULLEN COUGHLIN LLC
500 Capitol Mall, Ste 2350
Sacramento, CA 95814-4760
Phone: 267-930-1529
*Email: monaglelaw@gmail.com; enavarrete@mullen.law*

*Attorneys for Defendant Innov8 Solutions, Inc.*

*/s/ Robie Ann Atienza-Jones*
ROBIE ANN ATIENZA-JONES
An employee of EARLY SULLIVAN WRIGHT GIZER & McRAE LLP