Sarah E. Barrows, State Bar Number 253278
NEXTROLL, INC.
2300 Harrison Street
San Francisco, CA 94110
Phone: (877) 723-7655
Email: legal@nextroll.com

Attorneys for Defendant
ROMANTIX ONLINE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| PAUL PEREZ and HENRY BRADLEY, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>ROMANTIX ONLINE, INC., INNOV8 SOLUTIONS, INC., ALPHABET INC., and NEXTROLL, INC.,<br><br>Defendants. | Case No. 5:25-cv-02465-NW<br><br>**DEFENDANT ROMANTIX ONLINE, INC.'S ANSWER TO COMPLAINT**<br><br>Judge: Noel Wise |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant ROMANTIX ONLINE, INC. ("Defendant") answers the Complaint of Plaintiffs ("Plaintiffs"). If an averment is not specifically admitted, it is hereby denied.

**ANSWER TO COMPLAINT**

1. Answering Paragraph 1, Defendant denies that NextRoll intercepts, reads, and utilizes for commercial gain consumers' private information about their sexual practices and preferences, gleaned from their activity on Romantix.com. Defendant is without sufficient knowledge, information or belief to admit or deny the remaining allegations in paragraph 1 and, on that basis, denies such allegations.

2. Answering paragraph 2, Defendant denies that Plaintiffs are entitled to any relief and/or that they have been injured in any way.

3. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 3 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

4. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 4 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

5. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 5 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

6. Defendant denies the allegations in paragraph 6 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

7. Defendant denies the allegations in paragraph 7 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

8. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 8 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

9. Defendant denies that it engaged in any acts and omissions as alleged in paragraph 9.

10. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 10, 11, 12, 13, and 14, and on that basis, denies such allegations.

11. Defendant admits the allegations in paragraph 15.

12. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 16 and, on that basis, denies such allegations.

13. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 17 and, on that basis, denies such allegations.

14. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 18 and, on that basis, denies such allegations.

15. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 19 and, on that basis, denies such allegations.

16. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 20 and, on that basis, denies such allegations.

17. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 21 and, on that basis, denies such allegations.

18. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 22 and, on that basis, denies such allegations.

19. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 23 and, on that basis, denies such allegations.

20. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 24 and, on that basis, denies such allegations.

21. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 25 and, on that basis, denies such allegations.

22. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 26 and, on that basis, denies such allegations.

23. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 27 and, on that basis, denies such allegations.

24. Defendant denies that data collected via its pixel is used to build detailed user profiles for analytic sor targeted advertising served by NextRoll. Defendant is without sufficient knowledge, information or belief to admit or deny the remaining allegations in paragraph 28 and, on that basis, denies such allegations.

25. Defendant denies that NextRoll's pixel, if installed on the pages and places alleged, allows NextRoll to eavesdrop on, collect, and use for pecuniary gain the PPSI of Romantix.com visitors, including Plaintiffs and other Class Members and denies that it benefits from Romantix and Innov8's use of NextRoll's pixel. Defendant denies that, "the primary advantage lies in capturing user data to optimize ad performance and increase ad spend . . . [as] the cornerstone of their revenue, which amounts to tens of billions of dollars annually." Defendant is without

sufficient knowledge, information or belief to admit or deny the remaining allegations in paragraph 30 and, on that basis, denies such allegations.

26. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 31, 32, 33, 34, 35, 36, 37, and 38 and, on that basis, denies such allegations.

27. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 39 and, on that basis, denies such allegations.

28. Defendant admits it has a technology that is a pixel that drops cookies where the browser permits (technologically or otherwise) third party cookies, and admits that its customers or partners may place NextRoll's technology on a website and, if placed on a website page, the technology can collect the url data of the page website visitors have viewed and the data concerning the amount of time a website visitor visits the particular url/page of a website with the NextRoll pixel. Defendant is without sufficient knowledge, information or belief to admit or deny the remaining allegations in paragraph 40 and, on that basis, denies such allegations.

29. Defendant admits that customers or partners who cause its technology to be placed on a website will result in assigning a cookie identification number to a site visitor who is on a browser that permits third party cookies or that otherwise permits third party cookies, and, if a cookie is placed by a site visitor and that site visitor uses the same browser, without clearing cookies such that the NextRoll cookie still exists, NextRoll will recognize its cookie on any website that has NextRoll technology that utilizes third party cookies and where the additional websites permit third party cookies to be identified and utilized. Defendant is without sufficient knowledge, information or belief to admit or deny the remaining allegations in paragraph 41 because it depends how its customers or partners use the NextRoll technology, and NextRoll does not have sufficient knowledge, information or belief to admit or deny these allegations, and on that basis, denies such allegations.

30. Defendant denies that its technology, if placed by a customer or partner on a website, collects the name, home address or credit card information of a website visitor that permits (either through their browser or otherwise) third party cookies. Defendant has already

admitted to the allegation in paragraph 41 the circumstances in which it can recognize the same third party cookie. Defendant does not have sufficient knowledge, information or belief to admit or deny the remaining allegations in paragraph 42, and on that basis, denies such allegations.

31. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 43, and on that basis, denies such allegations.

32. Defendant denies the allegations in paragraph 44.

33. Defendant denies the allegations in paragraph 45.

34. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 46, 47, 48, and 49 and, on that basis, denies such allegations.

35. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 50, 51 and 52 and, on that basis, denies such allegations.

36. The allegations in paragraphs 53 through 63 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

37. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 64.

38. Defendant denies the allegations in paragraph 65.

39. Defendant denies the allegations in paragraph 66.

40. The allegations in paragraphs 67 through 71 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

41. Defendant denies the allegations in paragraph 72 as alleged against NextRoll, and is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 72 directed at Defendants who are not NextRoll, and on that basis, denies such allegations.

42. The allegations in paragraphs 73 through 74 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

43. Defendant denies the allegations in paragraph 75 as alleged against NextRoll, and is without sufficient knowledge, information or belief to admit or deny the allegations in

paragraph 75 directed at Defendants who are not NextRoll, and on that basis, denies such allegations.

44. The allegations in paragraph 76 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

45. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 77-93 and, on that basis, denies such allegations.

46. Defendant denies the allegations in paragraphs 94-102.

47. Defendant denies that Plaintiffs are entitled to the relief as alleged in paragraphs 103-170 and, on that basis, denies all such allegations.

48. Defendant denies that Plaintiffs are entitled to the relief alleged in paragraph 171 and/or a jury trial as alleged in paragraph 172.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate affirmative defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE

**(Consent - Explicit)**

49. The named plaintiff and/or any putative class members, and each of them, explicitly consented to the collection of any allegedly offending data, including, without limitation the identity of visitors to Defendant's website.

### SECOND AFFIRMATIVE DEFENSE

**(Consent - Implied)**

50. The named plaintiff and/or any putative class members, and each of them, impliedly consented to the collection of any allegedly offending data, including, without limitation the identity of visitors to Defendant's website.

### THIRD AFFIRMATIVE DEFENSE

**(Waiver)**

51. The named plaintiff and/or any putative class members, and each of them, waived any claim(s)under the California Invasion of Privacy Act ("CIPA") and/or any similar law,

including, without limitation the Federal Wiretap Act, Common Law Invasion of Privacy and/or the California Constitution (the "Privacy Claims").

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

52. The named plaintiff and/or any putative class members, and each of them, are estopped from bringing any claim or claims under the CIPA and/or any of the Privacy Claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

53. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the one-year statute of limitation for claims arising under the CIPA and/or any of the Privacy Claims, including the two-year statute of limitations for the Federal Wiretap Act.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

54. The claims of the named plaintiff and/or any putative class members, and each of them, are unsustainable because the Complaint fails to state a cause of action upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

55. The named plaintiff and/or any putative class members, and each of them, lack standing to bring any claim or claims under the CIPA and/or any of the Privacy Claims.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

56. The named plaintiff and/or any putative class members, and each of them, failed to mitigate any damages they, or any of them, claim to have incurred.

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

57. Any damages incurred by the named plaintiff and/or any putative class members, or any of them, are offset by the benefit(s) gained by their use of Defendant's website and/or any alleged collection of data.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

58. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

59. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Fault Of Others)**

60. Any injury or damage suffered by the named plaintiff and/or any putative class members, and each of them, were caused or contributed to by the misconduct or wrongful conduct of the party seeking relief and/or a third party or parties, and such conduct eliminates or comparatively reduces the liability, if any of Defendant.

**PRAYER FOR RELIEF**

1. That the Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiffs take nothing by reason of this Complaint and that judgment be entered against Plaintiffs and in favor of Defendant;

3. That Defendant be awarded its costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: June 3, 2025

NEXTROLL, INC.

By: *Sarah E. Barrows*

Sarah E. Barrows (253278)
Attorneys for Defendant
NEXTROLL, INC.