Scott E. Gizer, State Bar Number 221962
*sgizer@earlysullivan.com*
Jeremy Gray, State Bar Number 150075
*jgray@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for Defendant
ROMANTIX ONLINE, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

HENRY BRADLEY, on behalf of himself, all others similarly situated, and the general public,

Plaintiffs,

vs.

ROMANTIX ONLINE, INC., INNOV8 SOLUTIONS, INC., ALPHABET INC., and NEXTROLL, INC.,

Defendants.

Case No. 5:25-cv-02465-NW

**DEFENDANT ROMANTIX ONLINE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT**

Judge: Noel Wise

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant ROMANTIX ONLINE, INC. ("Defendant") answers the First Amended Complaint ("FAC") of Plaintiff HENRY BRADLEY ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO FIRST AMENDED COMPLAINT

1. Answering Paragraph 1, Defendant denies the allegations regarding ownership of the website but admits that it sells adult products. Defendant is without sufficient knowledge, information or belief to admit or deny the remaining allegations in paragraph 1 and, on that basis, denies such allegations.

2. Answering paragraph 2, Defendant denies that Plaintiff is entitled to any relief and/or that they have been injured in any way.

3. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 3 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

4. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 4 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

5. Defendant denies the allegations in paragraph 5.

6. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 6 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

7. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 7 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

8. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 8 which, in any event are legal conclusions to which no response is required, and, on that basis, denies such allegations.

9. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 9, 10, 11, 12 and 13 and, on that basis, denies such allegations.

10. Defendant denies the allegations in paragraph 14.

11. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 15 and, on that basis, denies such allegations.

12. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 16 and, on that basis, denies such allegations.

13. The language quoted in paragraph 17 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 17.

14. The allegations in paragraph 18 are legal conclusions and/or concern matters for which Defendant is without sufficient knowledge, information or belief to admit or deny, and on that basis Defendant denies the allegations in paragraph 18.

15. The language quoted in paragraph 19 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 19.

16. The language quoted in paragraph 19 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 19.

17. The language quoted in paragraph 20 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 20.

18. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 21 and, on that basis, denies such allegations.

19. The language quoted in paragraph 22 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 22.

20. The language quoted in paragraph 23 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 23.

21. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 24 and 25 and, on that basis, denies such allegations.

22. Defendant denies the allegations in paragraph 26.

23. The language quoted in paragraph 27 and 28 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 27 and 28.

24. The language quoted in paragraph 29 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 29.

25. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraph 30 and, on that basis, denies such allegations.

26. Defendant denies the allegations in paragraphs 31, 32, and 33.

27. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 34, 35 36, 37, 38, 39, 40, 41, and 42, and, on that basis, denies such allegations.

28. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 43, 44, 45, 46, 47, 48, and 49 and, on that basis, denies such allegations.

29. The language quoted in paragraph 50 speaks for itself and Defendant denies any and all characterizations of such language in paragraph 50.

30. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 51, 52, 53, 54, 55 and 56 and, on that basis, denies such allegations.

31. The allegations in paragraphs 57 through 80 are legal conclusions to which no response is required and, on that basis, Defendant denies all such allegations.

32. Defendant is without sufficient knowledge, information or belief to admit or deny the allegations in paragraphs 81-95 and, on that basis, denies such allegations.

33. Defendant denies the allegations in paragraphs 96-104.

34. Defendant denies the allegations in the causes of action (paragraphs 105-141

35. Defendant denies that Plaintiffs are entitled to the relief alleged in paragraph 142 and/or a jury trial as alleged in paragraph 143.

## **AFFIRMATIVE DEFENSES**

Defendant pleads the following separate affirmative defenses. Defendant reserves the right to assert additional affirmative defenses that discovery indicates are proper.

///

///

///

**FIRST AFFIRMATIVE DEFENSE**

**(Consent - Explicit)**

36. The named plaintiff and/or any putative class members, and each of them, explicitly consented to the collection of any allegedly offending data, including, without limitation the identity of visitors to Defendant's website.

**SECOND AFFIRMATIVE DEFENSE**

**(Consent - Implied)**

37. The named plaintiff and/or any putative class members, and each of them, impliedly consented to the collection of any allegedly offending data, including, without limitation the identity of visitors to Defendant's website.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

38. The named plaintiff and/or any putative class members, and each of them, waived any claim(s)under the California Invasion of Privacy Act ("CIPA") and/or any similar law, including, without limitation the Federal Wiretap Act, Common Law Invasion of Privacy and/or the California Constitution (the "Privacy Claims").

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

39. The named plaintiff and/or any putative class members, and each of them, are estopped from bringing any claim or claims under the CIPA and/or any of the Privacy Claims.

**FIFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

40. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the one-year statute of limitation for claims arising under the CIPA and/or any of the Privacy Claims.

///

///

///

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

41. The claims of the named plaintiff and/or any putative class members, and each of them, are unsustainable because the Complaint fails to state a cause of action upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

42. The named plaintiff and/or any putative class members, and each of them, lack standing to bring any claim or claims under the CIPA and/or any of the Privacy Claims.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

43. The named plaintiff and/or any putative class members, and each of them, failed to mitigate any damages they, or any of them, claim to have incurred.

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

44. Any damages incurred by the named plaintiff and/or any putative class members, or any of them, are offset by the benefit(s) gained by their use of Defendant's website and/or any alleged collection of data.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

45. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Laches)**

46. The claims of the named plaintiff and/or any putative class members, and each of them, are barred by the doctrine of laches.

///

///

**TWELFTH AFFIRMATIVE DEFENSE**

**(Fault Of Others)**

47. Any injury or damage suffered by the named plaintiff and/or any putative class members, and each of them, were caused or contributed to by the misconduct or wrongful conduct of the party seeking relief and/or a third party or parties, and such conduct eliminates or comparatively reduces the liability, if any of Defendant.

**PRAYER FOR RELIEF**

1. That the First Amended Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiff takes nothing by reason of this First Amended Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded its costs incurred in defending this action;

4. That Defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: December 1, 2025

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

By: */s/ Scott E. Gizer*
Scott E. Gizer
Jeremy Gray
Attorneys for Defendant
ROMANTIX ONLINE, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December, 2025, I electronically filed the foregoing **DEFENDANT ROMANTIX ONLINE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jack Fitzgerald
Melanie R. Monroe
Trevor Flynn
Peter Grazul
Allison Ferraro
FITZGERALD MONROE FLYNN PC
2341 Jefferson Street, Suite 200
San Diego, CA 92110
Phone: (619) 215-1741
*Email: jfitzgerald@fmfpc.com; mmonroe@fmfpc.com; tflynn@fmfpc.com; pgrazul@fmfpc.com; aferraro@fmfpc.com*

*Attorneys for Plaintiff Henry Bradley*

Jeffrey M. Gutkin
Aarti Reddy
Ashley Corkery
Kelton N. Murphy
Jinyoung Lee
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
*Email: jgutkin@cooley.com; areddy@cooley.com; acorkery@cooley.com; kbasirico@cooley.com; jinyoung.lee@cooley.com*

*Attorneys for Defendants Substituted Party Google LLC*

James Francis Monagle
Edgar F. Navarrete
MULLEN COUGHLIN LLC
500 Capitol Mall, Ste 2350
Sacramento, CA 95814-4760
Phone: 267-930-1529
*Email: monaglelaw@gmail.com; enavarrete@mullen.law*

*Attorneys for Defendant Innov8 Solutions, Inc.*

*/s/ Robie Ann Atienza-Jones*
ROBIE ANN ATIENZA-JONES
An employee of EARLY SULLIVAN WRIGHT GIZER & McRAE LLP