**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD (SBN 257370)
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE (SBN 275423)
*mmonroe@fmfpc.com*
TREVOR FLYNN (SBN 253362)
*tflynn@fmfpc.com*
ALLISON FERRARO (SBN 351455)
*aferraro@fmfpc.com*
DANIEL E. SACHS (SBN 361027)
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741
***Counsel for Plaintiff***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| HENRY BRADLEY, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>ROMANTIX ONLINE, INC., INNOV8 SOLUTIONS, INC., GOOGLE LLC, and NEXTROLL, INC.,<br><br>Defendants. | Case No. 5:25-cv-02465-NW<br><br>**PLAINTIFF'S OPPOSITION TO GOOGLE LLC'S MOTION TO STAY DISCOVERY [DKT. NO. 82] AND INNOV8 SOLUTIONS, INC.'S JOINDER [DKT. NO. 84]**<br><br>Judge: Hon. Noël Wise<br>Date: March 4, 2026<br>Time: 9:00 a.m.<br>Dept.: 3 |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

LEGAL STANDARD ........ 1

ARGUMENT ........ 2

I. GOOGLE AND INNOV8 IGNORE THAT NEXTROLL AND ROMANTIX HAVE ANSWERED THE COMPLAINT AND DO NOT SEEK TO STAY DISCOVERY ........ 2

II. GOOGLE AND INNOV8 HAVE NOT MET THEIR HEAVY BURDEN OF SHOWING A STAY IS WARRANTED ........ 4

CONCLUSION ........ 7

# TABLE OF AUTHORITIES

**Cases**

*Augustine v. Lenovo (United States), Inc.*, 2023 WL 4938050 (S.D. Cal. Aug. 2, 2023) .......... 6

*Barrett v. Apple Inc.*, 2020 WL 13815568 (N.D. Cal. Oct. 22, 2020) .......... 1, 2

*Casillas v. Six Flags Ent. Corp.*, --- F.Supp.3d ----, 2025 WL 3684543 (C.D. Cal. Dec. 15, 2025) .......... 6

*DiGiacinto v. RB Health (US) LLC*, 2022 WL 20087460 (N.D. Cal. Dec. 5, 2022) .......... 2

*Doe v. Amgen, Inc.*, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024) .......... 7

*Dynetix Design Sols., Inc. v. Synopsys, Inc.*, 2012 WL 2135498 (N.D. Cal. June 12, 2012) .......... 4

*Espinoza v. Trans Union LLC*, 2023 WL 3994846 (D. Ariz. June 14, 2023) .......... 3, 5

*Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (N.D. Cal. 1990) .......... 1

*In re Tracht Gut, LLC*, 836 F.3d 1146 (9th Cir. 2016) .......... 6

*Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884 (N.D. Cal. Dec. 9, 2021) .......... 1

*Lofton v. Bank of Am. Corp.*, 2008 WL 2037606 (N.D. Cal. May 12, 2008) .......... 7

*Martinez v. James River Ins. Co.*, 2020 WL 1975371 (D. Nev. Apr. 24, 2020) .......... 4

*Mujica v. AirScan Inc.*, 771 F.3d 580 (9th Cir. 2014) .......... 3

*Nguyen v. Elsevier Inc.*, 2025 WL 2901059 (N.D. Cal. Oct. 7, 2025) .......... 6

*Nken v. Holder*, 556 U.S. 418 (2009) .......... 2

*Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
220 F.R.D. 349 (N.D. Cal. 2003) .......... 2

*Renn v. Otay Lakes Brewery, LLC*,
2025 WL 1225102 (S.D. Cal. Apr. 25, 2025) .......... 8

*Rivera v. NIBCO, Inc.*,
364 F.3d 1057 (9th Cir. 2004) .......... 2

*Roe v. Amgen Inc.*,
2024 WL 2873482 (C.D. Cal. June 5, 2024) .......... 6

*San Francisco Tech. v. Kraco Enters. LLC*,
2011 WL 2193397 (N.D. Cal. June 6, 2011) .......... 2

*Singh v. Google, Inc.*,
2016 WL 10807598 (N.D. Cal. Nov. 4, 2016) .......... 1

*Skellerup Indus. Ltd. v. City of Los Angeles*,
163 F.R.D. 598 (C.D. Cal. 1995) .......... 3, 4

*Tavantzis v. Am. Airlines, Inc.*,
2024 WL 812012 (N.D. Cal. Feb. 23, 2024) .......... 1

*Tradebay, LLC v. eBay, Inc.*,
278 F.R.D. 597 (D. Nev. 2011) .......... 1

*Vista del Sol Health Care Servs., Inc. v. Nat'l Lab. Rels. Bd., Region 31*,
2014 WL 12631660 (C.D. Cal. May 16, 2014) .......... 2

**Statutes**

Cal. Penal Code § 631(a) .......... 6

**Rules**

Fed. R. Civ. P. 12(b)(6) .......... 1

Fed. R. Civ. P. 26(a)(1)(A)(iv) .......... 8

N.D. Cal. Civ. L.R. 7-3(a) .......... 4

## INTRODUCTION

The parties held their Rule 26(f) conference on October 14, 2025. What Google attempts to frame as an "unwarranted" "tactic," Google's Mot. Stay Disc. at 1, Dkt. No. 82 ("Mot."), is just Plaintiff serving limited, initial, focused discovery in a case in which discovery has been open for more than three months. *See* Decl. of Melanie R. Monroe ("Monroe Decl."), Exs. 1-5 (discovery requests to Google and Innov8). Moreover, Google is not just refusing to comply with its general discovery obligations—it won't even comply with its basic, pre-discovery initial disclosure obligations under Rule 26. The Court should not countenance Google's own tactics, and instead allow limited discovery to proceed, where two defendants have already Answered, and the other two defendants' Rule 12 motions will soon be resolved.

## LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *See Kincheloe v. Am. Airlines, Inc.*, 2021 WL 5847884, at *1 (N.D. Cal. Dec. 9, 2021) (quotation omitted). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.* (quoting *Gray v. First Winthrop Corp*., 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Because "blanket stays of all discovery matters are an exception to the rules rather than enunciated in the rules," *Barrett v. Apple Inc.*, 2020 WL 13815568, at *1 (N.D. Cal. Oct. 22, 2020) (citation omitted), "[a] party seeking a stay of discovery carries the heavy burden of making a strong showing why discovery should be denied," *see Singh v. Google, Inc.*, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016) (quotation and internal quotation marks omitted).

"Courts in this district [ ] appl[y] a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion[:]" "[f]irst, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed[,]" and "[s]econd, the court must determine whether the pending motion can be decided absent discovery." *Kincheloe*, 2021 WL 5847884, at *1 (citations omitted). This requires the Court to "take a 'preliminary peek' at the merits" of the Rule 12 motion to determine whether the movant has "met its heavy burden of making a strong showing that a stay is warranted." *Tavantzis v. Am. Airlines, Inc.*, 2024 WL 812012, at *2 (N.D. Cal. Feb. 23, 2024) (quoting *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011)).

"[I]f either prong of th[e] test is not established, discovery proceeds." *DiGiacinto v. RB Health (US) LLC*, 2022 WL 20087460, at *1 (N.D. Cal. Dec. 5, 2022) (quoting *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 352 (N.D. Cal. 2003) ["*Nat'l Union Fire Ins. Co.*"]). Even where both prongs are satisfied, however, "[d]iscovery stays are not automatic . . . ." *See Barrett*, 2020 WL 13815568, at *1 (citation omitted). Rather, a court must "balance[] the public and private interests to decide whether a protective order is necessary." *San Francisco Tech. v. Kraco Enters. LLC*, 2011 WL 2193397, at *2 (N.D. Cal. June 6, 2011) (quoting *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063-64 (9th Cir. 2004)). Thus, as "[t]he Supreme Court has stated[,] [a] stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Vista del Sol Health Care Servs., Inc. v. Nat'l Lab. Rels. Bd., Region 31*, 2014 WL 12631660, at *1 (C.D. Cal. May 16, 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 433-34 (2009)).

## ARGUMENT

Google argues a stay is warranted on two grounds. First, it argues the Court is without discretion to deny a stay because it "granted a motion to dismiss in full and additional dispositive briefing is forthcoming." *See* Mot at 4-6 (header capitalization and emphasis omitted). Second, it argues a stay is warranted because "Google's motion to dismiss the FAC will be dispositive of all claims," *id.* at 6-7 (same), and "discovery is not necessary to resolve Google's motion to dismiss the FAC," *id.* at 7-8 (same). The Court should reject both arguments. The first ignores that two Defendants have answered the FAC (Dkt. Nos. 80 and 86), and do not seek a stay, *i.e.* that litigation and discovery are proceeding regardless of Google's stay motion; and the second puts the cart before the horse and does not come close to meeting Google's heavy burden of justifying a stay.

### I. GOOGLE AND INNOV8[1] IGNORE THAT NEXTROLL AND ROMANTIX HAVE ANSWERED THE COMPLAINT AND DO NOT SEEK TO STAY DISCOVERY

According to Google, "Ninth Circuit authority has effectively abrogated district court's [sic] discretion to deny a stay of discovery where a motion to dismiss has been granted on all claims with leave

[1] Innov8 purports to join Google's motion. Dkt. No. 84.

to amend." Mot. at 4 (citing *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014)). *Mujica*, however, is inapposite. There, the plaintiffs' "experienced and knowledgeable counsel candidly represented to the court . . . that he could not say that [p]laintiffs would be able to amend their complaint to allege [facts supporting jurisdiction] . . . with the specificity required by *Iqbal*, absent discovery." *Mujica*, 771 F.3d at 593 (citation omitted). It was thus "clear that no amendment to the complaint . . . prior to discovery[ ]could add 'sufficient factual matter' . . . to enable the complaint to survive a motion to dismiss," *id.* (footnote omitted). Plaintiff makes no such representation here; to the contrary, Plaintiff has amended his Complaint. *See* First Am. Compl., Dkt. No. 75 ("FAC").

It was *Defendants* who sought in their motions to dismiss the Complaint, to bring in facts outside the four corners of the Complaint. *See, e.g.*, Google's Req. Judicial Notice, Dkt. No. 41-1; Innov8's Mot. Dismiss, Dkt. No. 40 at 2 & n.1, 12; Google's Req. Judicial Notice, Dkt. No. 87-1; Google's Mot. Dismiss, Dkt. No. 87 at 3, 9-10, 18. Before Defendants filed their most recent Rule 12 motions, anticipating they would again ask the Court to resolve factual disputes—and in response to Google's refusal to produce the insurance policy mandated by Rule 26(a)—Plaintiff served limited discovery aimed at those issues. Plaintiff's FAC states claims absent any additional facts. But if Defendants want to argue factual disputes at the pleading stage, they should not be excused from participating in even the most minimal discovery, aimed at those very issues *they* raise.

Google and Innov8 also ignore that NextRoll and Romantix, who play roles analogous to Google and Innov8, respectively, *see* FAC ¶¶ 14-20, 31-49, chose to *answer* the FAC, Dkt. Nos. 80, 86, and are also participating in discovery. "[T]hus, even if [Google's and Innov8's] motion[s] [to dismiss] were granted, it would not result in the termination of this action." *See Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 601 (C.D. Cal. 1995). Because litigation is proceeding against NextRoll and Romantix, and Google and Innov8's conduct remains relevant to Plaintiff's claims against those Defendants, "[s]taying discovery as to [Defendants Google and Innov8] might also unnecessarily lead to duplicative documents production and depositions." *See Skellerup Indus. Ltd.*, 163 F.R.D. at 601; *see also Espinoza v. Trans Union LLC*, 2023 WL 3994846, at *2 (D. Ariz. June 14, 2023) (denying motion to stay where "Equifax remains an active litigant in this action and chose to answer, rather than filing a motion to dismiss," and "if discovery were to proceed as to Equifax and be stayed as to Trans Union, this could 'unnecessarily lead to duplicative

documents production and depositions.'" (emphasis omitted) (quoting *Skellerup Indus. Ltd.*, 163 F.R.D. at 601)); *cf. Martinez v. James River Ins. Co.*, 2020 WL 1975371, at *1 (D. Nev. Apr. 24, 2020) (rejecting argument defendant "should not be required to provide discovery relevant to Plaintiff's claims" where defendant "did not file a dispositive motion challenging the sufficiency of Plaintiff's claims," but instead "answered the complaint" and "ha[d] never sought or been granted a stay of discovery.").

## II. GOOGLE AND INNOV8 HAVE NOT MET THEIR HEAVY BURDEN OF SHOWING A STAY IS WARRANTED

The Court should find that Google and Innov8's references in their Stay Motion and Joinder, respectively, to their then-unfiled Rule 12 Motions did not carry their heavy burden to demonstrate a stay is warranted. Google's entire attempt to satisfy the first prong of the Ninth Circuit's test for whether a stay may be granted was its unsupported, then hypothetical assertion that "it *intends* to challenge the entirety of the FAC," so that "[i]f the Court grants Google's forthcoming motion to dismiss, none of Plaintiff's claims against Google will remain." Mot. at 7 (emphasis added; case citations omitted). It did not explain what arguments it would make, why they would be successful, or how they would be dispositive of all of Plaintiff's claims. This was insufficient to carry its heavy burden to show that the Court's taking a preliminary peek at the merits would demonstrate a strong showing that a stay is warranted. *See Dynetix Design Sols., Inc. v. Synopsys, Inc.*, 2012 WL 2135498, at *1 (N.D. Cal. June 12, 2012) (denying motion to stay because "the court is in no position to assess whether summary judgment is imminent, probable, [or] possible" since "[a] motion has yet to be filed").

Moreover, if Plaintiff had filed his opposition on the deadline set by Google's filing—January 2, 2026, *see* Mot. (filed December 19, 2025); N.D. Cal. Civ. L.R. 7-3(a)—he would have had to respond to Google's naked assertions without even the benefit of seeing Defendants' Rule 12 motions, then due to be filed January 9, 2026, *see* Dkt. No. 81 at 4. Even with the paltry 14-day extension Google granted Plaintiff in response to his request for 26 days over the holidays, Plaintiff has only had access to Google's Rule 12 arguments for 7 days, depriving him of the full 14 days to respond under the Local Rules. *See* N.D. Cal. Civ. L.R. 7-3(a). In any event, Google filing its motion to dismiss three weeks after its motion to stay does not cure its failure in the latter to carry its heavy burden of demonstrating that a preliminary peek at the merits results in a strong showing a stay is warranted.

Even more unfair is Innov8's waiting until January 6, 2026, to file its joinder in Google's motion, Dkt. No. 84 ("Joinder"), to which, as far as Plaintiff can tell, he is not permitted a separate response, since the Joinder itself does not appear to comply with any Local Civil Rules. This effectively gave Plaintiff just 10 days to respond to Innov8, since he must address its arguments herein, if at all. And Innov8's Rule 12 motion was likewise unfiled when it joined Google's motion, leaving Plaintiff just 7 days to address its arguments, as well. Regardless, as with Google, Innov8's bald assertion that its "forthcoming motion to dismiss Plaintiff's FAC . . . is likely dispositive," Joinder at 2, is insufficient to demonstrate that a stay is warranted.

Even considering the arguments raised in their later filed motions to dismiss, however, Google and Innov8 cannot demonstrate that a stay is warranted. First, that "two defendants answered the FAC . . . suggests that there is room for disagreement (even among the defendants) as to whether the claims are subject to dismissal as a matter of law on the pleadings." *See Espinoza*, 2023 WL 3994846, at *2. Second, Google and Innov8 will be unable to demonstrate Plaintiff consented to the challenged conduct—their only argument that is potentially dispositive of all of Plaintiff's claims. *See* Google's Mot. Dismiss, Dkt. No. 87 at 6-11; Innov8's Mot. Dismiss, Dkt. No. 88 at 6-7.

Google and Innov8's consent defenses depend entirely on Romantix's cookie banner and statements made in Romantix's Privacy Policy. *See id.*[2] However, Plaintiff now alleges he "did not notice the cookie popup when he first visited the Website," and even "browsed and made purchases from the Website on multiple occasions before eventually noticing the cookie popup." FAC ¶ 87. During this time when Plaintiff was unaware of the cookie popup and Privacy Policy, "*i.e.* [when he] ha[d] not either chosen 'Accept All' or 'Decline All,' the trackers at issue continue[d] to operate . . . allowing [Google and NextRoll] to eavesdrop and make use of [his] communications, including [his] PPSI, in real time." *Id.* ¶ 51. When Plaintiff finally

---

[2] For reasons that will be further explained in Plaintiff's forthcoming opposition to Google's Request for Judicial Notice, Dkt. No. 87-1, the Court should not take judicial notice of the March 11, 2025 Romantix Privacy Policy. Google has not met its burden of showing that the Privacy Policy it attaches was the operative one on the website throughout the relevant time period, *see* FAC ¶ 96 (alleging a four-year class period), or even when Plaintiff visited the website, *see id.* ¶ 81 ("Plaintiff Henry Bradley visited Romantix.com on several occasions over the last several years, and last visited the website in approximately October 2024."). Further, taking judicial notice of "documents" generally, as Google requests, is improper since judicial notice is reserved for *facts*.

noticed the popup, "he selected the option to 'Decline All' cookies." *Id.* ¶ 87. "Notwithstanding his selection," however, "his confidential . . . communications, including his PPSI, continued to be intercepted and used for profit by at least Google," *id.*, since "[e]ven when a website visitor selects 'Decline All' on the cookie popup, at least the Google Analytics tracker continues to operate on the Website," *id.* ¶ 52; *see also id.* ¶ 85 ("Plaintiff reasonably believed his . . . communications, including the PPSI therein, were confidential. This belief was based on the nature of the Website . . . his choice to 'Decline All' cookies, and the fact that he accessed the Website in private, where no one could see his shopping behavior."). Yet, "nowhere do Innov8 or Romantix disclose that at least one tracker continues to permit eavesdropping on visitors' confidential communications even when they 'Decline All' cookies." *Id.* ¶ 53. Plaintiff thus sufficiently alleges his lack of consent. *See*, *e.g.*, *Casillas v. Six Flags Ent. Corp.*, --- F.Supp.3d ----, 2025 WL 3684543, at *7 (C.D. Cal. Dec. 15, 2025) (plaintiff sufficiently stated CIPA Section 631(a) claim where "the FAC alleges 'Plaintiff expressly declined to allow . . . cookies and tracking technologies . . . by choosing 'Deny Non-Essential' cookies in [Defendant's] Website's cookie consent banner'" but "'Defendant surreptitiously enables several third parties . . . to place and/or transmit cookies that track users' website browsing activities and eavesdrop on users' private communications on [Defendant's] Website'" (record citations omitted)).

At most, the cookie popup and Privacy Policy establish a factual dispute on the issue of consent. *See Augustine v. Lenovo (United States), Inc.*, 2023 WL 4938050, at *2 (S.D. Cal. Aug. 2, 2023) (denying motion to dismiss where "Defendant's consent defense turns on the outcome of multiple factual disputes such as whether Plaintiff actually saw and interacted with the pop-up and whether Plaintiff viewed the privacy policy," and explaining, "[t]hese factual disputes are not suitable for resolution at this stage in the proceedings" (footnote omitted; citing *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff."))); *cf. Nguyen v. Elsevier Inc.*, 2025 WL 2901059, at *3 (N.D. Cal. Oct. 7, 2025) (denying request for judicial notice in Video Privacy Protection Act case and finding that "determining whether Plaintiffs consented to the disclosure of PII . . . is a 'fact-intensive inquiry' inappropriate for a motion to dismiss and would require the resolution of too many facts not presently before the Court," which "would have been true even if the Court was to consider Defendant's exhibits."); *Roe v. Amgen Inc.*, 2024 WL 2873482, at *4 (C.D. Cal. June 5, 2024) (even where "Plaintiffs do not affirmatively

represent that they hit 'accept' or 'decline' upon being presented with the 'cookie banner,'" but "they do allege throughout their complaint that their information was shared without their consent," denying motion to dismiss "on the basis that the merits of Plaintiffs' claims are premised on a factual dispute that demands further discovery"), *reconsideration denied sub nom.*, *Doe v. Amgen, Inc.*, 2024 WL 3811251 (C.D. Cal. Aug. 13, 2024).

With such factual disputes outstanding, Google and Innov8 "do not meet the required 'strong showing'" needed to justify a stay. Discovery should instead proceed so that Plaintiff can seek relevant information. *See Lofton v. Bank of Am. Corp.*, 2008 WL 2037606, at *2 (N.D. Cal. May 12, 2008) (denying motion to stay where defendant "CCI claims it had no involvement in the program, but plaintiff contends otherwise and points to a document that indicates CCI may have been involved in and had knowledge of the program," such that "CCI's assertions do not meet the required 'strong showing'" and finding "plaintiff is entitled to discovery on the merits that may inform his opposition to CCI's jurisdictional motion").

For example, Request for Production ("RFP") 1 to Innov8, and RFP 1, Interrogatory ("ROG") 2, and Request for Admission ("RFA") 14 to Google concern the categories of data collected, and go to standing issues Defendants have raised. RFAs 15-16 to Google go to consent. RFAs 5-6, ROGs 2-4, and RFPs 2-3 to Google concern its interception and reading of communications about Plaintiff, specifically. RFAs 7-11, 13 to Google go to "use" of data (for CIPA claims). And RFP 5 to Innov8 goes to issue of the "special relationship" between Romantix and Innov8, which was raised in Innov8's Rule 12 briefing. *See* Innov8's Mots. Dismiss, Dkt. No. 40 at 14-16 & Dkt. No. 88 at 14. *See* Monroe Decl. Exs. 1-5 (discovery requests to Google and Innov8).

## CONCLUSION

The Court should deny Google's Motion and Innov8's untimely Joinder. If, however, the Court is inclined to grant a stay, Plaintiff respectfully requests it extend only until a decision on Defendants' motions to dismiss, not until after their respective Answers are filed, and that Defendants be ordered to substantively respond to Plaintiff's outstanding discovery within 14 days of such a decision.

Additionally, Plaintiff respectfully requests that, notwithstanding any stay, Google be required to produce the insurance agreement it identified in its initial disclosures, which it has simply, and inexplicably refused to do, *see* Monroe Decl. ¶ 7 & Ex. 6, Google's Initial Disclosures at 4 (identifying "a policy through

its captive insurance company, IMI Assurance, Inc."), despite the clear admonition in Rule 26 that "a party ***must***, without awaiting a discovery request, provide to the other parties: . . . for inspection and copying . . . any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action . . . ." Fed. R. Civ. P. 26(a)(1)(A)(iv) (emphasis added); *see also Renn v. Otay Lakes Brewery, LLC*, 2025 WL 1225102, at *6 (S.D. Cal. Apr. 25, 2025) (

> [Defendant] indicated that [it] did not disclose the policy because the insurer was denying coverage. That is not a valid basis for failing to disclose the policy. Federal Rule of Civil Procedure 26(a)(1)(A)(iv) mandates that disclosure of the insurance coverage is required even if the insurer contests liability under the policy. . . . Defendant must provide the entire insurance policy, including all exclusions, to Plaintiff. (internal record and case citations omitted)).

Dated: January 16, 2026

Respectfully Submitted,

/s/ Melanie R. Monroe
**FITZGERALD MONROE FLYNN PC**
JACK FITZGERALD
*jfitzgerald@fmfpc.com*
MELANIE R. MONROE
*mmonroe@fmfpc.com*
TREVOR FLYNN
*tflynn@fmfpc.com*
ALLISON FERRARO
*aferraro@fmfpc.com*
DANIEL E. SACHS
*dsachs@fmfpc.com*
2341 Jefferson Street, Suite 200
San Diego, California 92110
Phone: (619) 215-1741

***Counsel for Plaintiff***