COOLEY LLP
JEFFREY M. GUTKIN (216083)
(jgutkin@cooley.com)
AARTI REDDY (274889)
(areddy@cooley.com)
ASHLEY CORKERY (301380)
(acorkery@cooley.com)
KELTON N. MURPHY (340366)
(kbasirico@cooley.com)
JINYOUNG LEE (359885)
(jinyoung.lee@cooley.com)
JULIA IRWIN (352861)
(jirwin@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222

Attorneys for Defendant
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENRY BRADLEY, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>ROMANTIX ONLINE, INC., INNOV8 SOLUTIONS, INC., GOOGLE LLC, and NEXTROLL, INC.,<br><br>Defendants. | Case No. 5:25-cv-02465-NW<br><br>CLASS ACTION<br><br>**DEFENDANT GOOGLE LLC'S REPLY IN SUPPPORT OF MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS**<br><br>Date: March 4, 2026<br>Time: 9:00 a.m.<br>Dept.: 3<br>Judge: Hon. Noël Wise<br><br>Trial Date: Not Yet Set<br>Date Action Filed: March 11, 2025 |

## I. INTRODUCTION

Plaintiff's Opposition to Google's Motion to Stay Discovery ("Opposition") gives no coherent reason why discovery should proceed before the Court determines whether he can plead a viable claim against Google. As explained in Google's opening Motion, Google easily satisfies the two-prong test to identify when a discovery stay is warranted because it has filed a Motion to Dismiss the First Amended Complaint ("FAC") that is dispositive of all claims, and the pending motion can be decided absent discovery. Further, as an independent basis to support a stay, controlling Ninth Circuit precedent holds that a stay is warranted where—as here—the Court granted a motion to dismiss in full and a further dispositive motion is pending or forthcoming.

Instead of engaging with the sea of adverse authority establishing that a stay is proper at this juncture, Plaintiff tries to shift the Court's focus to irrelevant issues that are not properly before this Court—such as the purported deficiency in Google's initial disclosures and the timing and the merits of Google's pending Motion to Dismiss. Likewise, while Plaintiff also leans on the fact that other parties remain in the case, he fails to cite ***even a single case*** holding that previously dismissed parties can be subjected to discovery burdens following a successful motion to dismiss, simply because other parties remain in the case. In short, Plaintiff's arguments are meritless and this Court should grant Google's Motion and stay discovery as to Google.[1]

## II. ARGUMENT

Rather than engaging with irrefutable case law authority that is dispositive of Google's request to stay discovery, Plaintiff advances a series of irrelevant and unfounded arguments. Specifically, Plaintiff: (1) argues that a stay is not warranted because Google filed its Motion to Dismiss ***after*** seeking a stay and did not argue the merits of its Motion to Dismiss in its stay motion; (2) strains to distinguish *Mujica* on the grounds that representations by counsel in that case render it inapposite; and (3) contends that discovery must proceed because two of Google's co-defendants answered the First Amended Complaint. These arguments are nonsensical and the Court should reject them.

[1] To the extent Innov8 has filed a Notice of Joinder, *see* ECF No. 84, Google does not oppose a discovery stay as to Innov8, as well, for the same reasons set forth herein.

### A. Plaintiff Does Not Contest that Google Has Satisfied the Two-Part Test for a Discovery Stay.

As Google explained in its stay motion, a discovery stay is warranted where: (1) a pending motion is dispositive of the entire case; and (2) that motion can be decided absent discovery. *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases). Plaintiff does not dispute these elements. (ECF No. 91 ("Opp.") at 1 (quoting *Kincheloe v. Am. Airlines, Inc.*, No. 21-cv-00515, 2021 WL 5847884, at *1 (N.D. Cal. Dec. 9, 2021)).)

Instead of addressing these elements head on, Plaintiff faults Google because it filed its Motion to Dismiss ***after*** seeking a stay, and claims that Google should have previewed its Motion to Dismiss to Plaintiff and the Court. That is not a required element of the two-prong test and Plaintiff cites no authority even suggesting it is Google's burden to preview its dismissal arguments in seeking a discovery stay. The argument fails for this reason alone.

Further, even if the timing of Google's Motion to Dismiss were legally relevant, Plaintiff's objection makes no sense. Plaintiff contends that he "only had access to Google's Rule 12 arguments for 7 days, depriving him of the full 14 days to respond under the Local Rules."[2] *See* Opp. at 4. But at ***Plaintiff's request***, Google agreed to extend Plaintiff's time to oppose the Motion to Stay Discovery—which gave Plaintiff one full week to examine Google's Motion to Dismiss the FAC before filing his stay opposition. (*See* ECF No. 83 at 2.) Plaintiff can hardly complain about a briefing schedule to which he stipulated.

As a last-ditch effort, Plaintiff seeks to litigate the merits of Google's pending Motion to Dismiss. (*See* Opp. at 5-7.) Again, these arguments have no relevance here. In any case, Plaintiff's amendments do not cure the deficiencies identified by this Court. As set forth in Google's pending Motion to Dismiss the FAC, Plaintiff failed to plead additional details regarding consent, and specifically "what [Plaintiff] knew of the [Privacy P]olicy, when [he] knew it, and whether that information had any effect on [his] decisions related to the site" as instructed by this Court. (*See*

[2] To the extent Plaintiff further argues that he only had ten days to respond to Innov8's notice of joinder, Innov8 raised no new arguments and merely joined in Google's Motion by filing a one-page joinder. (*See* Opp. at 5.)

ECF No. 72 at 4.) Instead, Plaintiff improperly excised all references to the Romantix Privacy Policy to try to brush unhelpful facts under the rug. (*See* ECF No. 75 ("FAC").) This is improper, as explained in Google's Motion to Dismiss, *see* ECF No. 87, and the FAC cannot revive the previously dismissed causes of action under CIPA, ECPA, and common law privacy rights.

### B. Nothing in Plaintiff's Opposition Warrants Departure from *Mujica*'s Rule Staying Discovery During a Subsequent Motion to Dismiss After Dismissal.

The Court should grant Google's requested stay for an independent reason—a stay is presumptive after the grant of a motion to dismiss while a subsequent motion to dismiss is pending. Plaintiff does not and could not contest the rule in *Mujica*: "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Mujica v. AirScan Inc.*, 771 F.3d 580, 593 & n.7 (9th Cir. 2014). Courts applying this rule have held that after an initial complaint has been dismissed, discovery is not permitted unless and until the defendant answers the amended complaint or the Court denies a subsequent motion to dismiss. S*ee, e.g.*, *In re German Auto. Mfrs. Antitrust Litig.*, 335 F.R.D 407 (N.D. Cal. 2020); Mot. at 5 (collecting authorities). Plaintiff strains to distinguish *Mujica*, labelling it "inapposite" because plaintiff's counsel in that case admitted that "no amendment to the complaint . . . prior to discovery[] could add 'sufficient factual matter'" to survive a motion to dismiss. (*See* Opp. at 3.) In other words, Plaintiff claims that *Mujica*'s holding applies in limited circumstances where, based on ***plaintiff's*** representation, the complaint could not survive dismissal absent discovery. *See id.* This misstates *Mujica* which creates no such exception based on representations by counsel.

In *Mujica*, the Ninth Circuit merely observed that it did not matter that discovery could help plaintiffs plead a viable claim, because plaintiffs must be able to plead a viable complaint without the benefit of discovery:

> Similarly, Plaintiffs' experienced and knowledgeable counsel candidly represented to the court at oral argument—which was held eleven months after *Kiobel* was decided—that he could not say that Plaintiffs would be able to amend their complaint to allege acts by the Defendants in the United States with the specificity required by Iqbal, absent discovery. The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 before the discovery stage, not after it. *See Iqbal*, 556 U.S. 662, 678–

> 79 (2009) (explaining that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions").

*Mujica*, 771 F.3d at 593. *Mujica* did not, as Plaintiff confusingly posits, adopt a broader rule that discovery is permissible if plaintiffs' counsel subjectively believes discovery is unnecessary to plead a viable complaint.

Were it otherwise, a plaintiff could circumvent the effect of *Mujica* and pursue discovery ***in every case***, simply based on counsel's self-serving representations that a complaint was viable. For this reason, courts have recognized that, under *Mujica*, "Supreme Court and Ninth Circuit precedent prevents this Court from allowing discovery related to dismissed claims." *In re German Auto. Mfrs.*, 335 F.R.D. at 409; *see e.g.*, *Gerritsen v. Warner Bros. Ent. Inc.*, No. CV 14-03305, 2015 WL 4570081, at *3 (C.D. Cal. Mar. 2, 2015) (denying discovery even when the plaintiff already filed an amended complaint because even if "it is certainly possible that [plaintiff's] first amended complaint states plausible claims, the law is clear that she may not take discovery ***until she has made such a showing***.") (emphasis added); *see also Braun v. Yahoo*, No. 17-cv-06294, 2018 WL 10809622, at *4 (N.D. Cal. Mar. 28, 2018) (van Keulen, J.) (granting motion to stay discovery because "***the Court*** will first determine whether Plaintiff can plead a plausible claim in an amended complaint that complies with the direction provided in this order before discovery will proceed") (emphasis added). And under that precedent, courts hold that "[i]t is not necessary to address whether discovery based on a[n amended complaint] would be appropriate while a motion to dismiss the [amended complaint] [i]s pending." *In re German Auto Mfrs.*, 335 F.R.D. at 409.[3]

Further, Plaintiff contends that Google has no basis to stay discovery because two of its co-defendants, NextRoll and Romantix, filed answers to the FAC in lieu of moving to dismiss. According to Plaintiff, "Google and Innov8's conduct remains relevant to Plaintiff's claims ***against those Defendants***." (Opp. at 3 (emphasis added).) That is obviously not a basis to continue ***party***

[3] Plaintiff wrongly insinuates that Google sought to bring in "facts outside the four corners of the Complaint." (Opp. at 3.) Plaintiff misstates the record. ***Plaintiff***, not Google, brought the statements of the Romantix Privacy Policy and cookie banner into the record by extensively referencing them in the initial Complaint. (*See* ECF No. 41-1 at 6). In any case, Google's reliance on judicially noticeable documents to support its consent defense has no plausible relevance to whether discovery should be stayed on a further motion to dismiss.

discovery of Google, as Plaintiff is free to pursue third-party discovery against it, should his claims be dismissed with prejudice. To hold otherwise would incentivize Plaintiff to assert claims against any party without a viable basis, with the pretext of conducting a Rule 26 conference and seeking party discovery instead of serving a subpoena in accordance with the additional protections under Rule 45.

No court has endorsed this unorthodox reasoning, and Plaintiff's two out-of-District cases—*Skellerup* and *Espinoza*—do not further his cause. (*See* Opp. at 3-4.) *Skellerup*, which pre-dated *Mujica* by ten years, concerned a stay of discovery ***prior to the filing of an initial motion to dismiss*** against one party, while another party answered. *See Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). Here, in contrast, this Court has already granted in full a motion to dismiss against Google and Innov8, and thus *Mujica* controls. Similarly, *Espinoza* involved a stay request where a motion to dismiss was pending before ***any ruling on a prior motion to dismiss***. *See* Order, *Espinoza v. Trans Union LLC*, No. 2:22-cv-01670 (D. Ariz. Mar. 1, 2023), ECF No. 22 (order mooting the motion to dismiss the original complaint since an amended complaint was filed). *Mujica* and its progeny are premised on the notion that, if a plaintiff "has already failed to satisfy Rule 8," there is no discretion to deny a stay of discovery. *In re German Auto. Mfrs.*, 335 F.R.D. at 410.[4] Accordingly, Plaintiff's reliance on these two authorities is unavailing. *See Mujica*, 771 F.3d at 593 & n.7.

## III. CONCLUSION

For each of these reasons, Google respectfully requests the Court stay discovery pending resolution of its Motion to Dismiss Plaintiff's FAC.[5]

---

[4] It is unclear why Plaintiff cites *Martinez v. James River Ins. Co.*, No. 19-cv-01646, 2020 WL 1975371, at *1 (D. Nev. Apr. 24, 2020). That case did not involve a request to stay discovery at all, but granted in part a motion to compel discovery after a plaintiff answered the complaint and the parties proceeded with litigation. *See* Opp. at 3-4.

[5] The Court should disregard Plaintiff's request to seek affirmative relief in discovery through an opposition to a stay motion. (Opp. at 7-8). His request that Google supplement its initial disclosures is not properly before this Court and would need to be presented to Magistrate Judge van Keulen in accordance with her procedures. *See* van Keulen, J. Standing Ord. § 7(b).

Dated: January 28, 2026

COOLEY LLP

By: */s/ Aarti Reddy*
Aarti Reddy

Attorneys for Defendant
Google LLC