James F. Monagle, SBN 236638
Michael Jervis, *admitted Pro Hac Vice*
Edgar F. Navarrete, SBN 322662
MULLEN COUGHLIN LLC
500 Capitol Mall, Suite 2350
Sacramento, CA 95814
Telephone: (267) 930-1529
Email: jmonagle@mullen.law;
mjervis@mullen.law;
enavarrete@mullen.law
Attorneys for Defendant
INNOV8 SOLUTIONS, INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HENRY BRADLEY, on behalf of himself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>ROMANTIX ONLINE, INC., INNOV8 SOLUTIONS, INC., GOOGLE LLC, and NEXTROLL, INC.,<br>Defendants. | Case No.: 5:25-cv-02465-NW<br><br>*Assigned for all purposes to the Honorable Noël Wise, Courtroom 3*<br><br>**DEFENDANT INNOV8 SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLANTIFF'S AMENDED CLASS ACTION COMPLAINT**<br><br>Date: May 6, 2026<br>Time: 9:00 am<br>Judge: San Jose Courthouse, Courtroom 3, 280 S. First Street, San Jose, CA 95113<br><br>Date Filed: March 11, 2025<br>Trial Date: None Set |

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. ARGUMENT ........ 2

A. Plaintiff's Opposition Brief Fails to Rebut the Court's Prior Determination that Plaintiff Consented to the Tracking Software on the Website ........ 2

i. Consideration of the Website's Privacy Policy is Proper ........ 2

ii. Plaintiff's own allegations and the privacy policy demonstrate his consent ........ 5

B. Plaintiff's CIPA Cause of Action Is Not Adequately Pled and Warrants Dismissal ........ 8

i. Plaintiff does Not Adequately Allege The Alleged Interception Occurred "While in Transit" ........ 8

ii. The Information Plaintiff Alleges was Intercepted is Not the "Content" of his Communications ........ 10

C. Plaintiff's Negligence Cause of Action Is Not Adequately Pled and Warrants Dismissal ........ 11

i. Plaintiff Fails to Allege Innov8 Owed him Duty of Care ........ 11

ii. Plaintiff's Opposition Concedes the FAC does not Allege any Cognizable Incur Damages ........ 12

III. CONCLUSION ........ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abrego v. The Dow Chem. Co.*,
443 F.3d 676 (9th Cir. 2006) ... 3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ... 12

*Cole v. Sunnyvale*,
2010 WL 532428 (N.D. Cal. Feb. 9, 2010) ... 4

*Cousin v. Sharp Healthcare*,
702 F. Supp. 3d 967 (S.D. Cal. 2023) ... 10

*Davis v. HSBC Bank Nevada, N.A.*,
691 F.3d 1152 (9th Cir. 2012) ... 4

*Doe v. Eating Recovery Ctr. LLC*,
806 F. Supp. 3d 1109 (N.D. Cal. 2025) ... 9, 10

*Doe v. Kaiser Found. Health Plan, Inc.*,
2024 WL 1589982 (N.D. Cal. Apr. 11, 2024) ... 11

*FT Travel--New York, LLC v. Your Travel Ctr., Inc.*,
112 F. Supp. 3d 1063 fn. 69 (C.D. Cal. 2015) ... 12

*Heiting v. Taro Pharms. USA, Inc.*,
709 F. Supp. 3d 1007 (C.D. Cal. 2023) ... 9

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 778 (N.D. Cal. 2022) ... 8

*In re Nickelodeon Consumer Priv. Litig.*,
827 F.3d 262 (3d Cir. 2016) ... 11

*Jackson v. Loews Hotels, Inc.*,
2019 WL 6721637 (C.D. Cal. July 24, 2019) ... 4

*James v. Allstate Ins. Co.*,
2023 WL 8879246 (N.D. Cal. Dec. 22, 2023) ... 8

*Katz-Lacabe v. Oracle Am., Inc.*,
668 F. Supp. 3d 928 (N.D. Cal. 2023) ... 10

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ........ 4

*Licea v. Am. Eagle Outfitters, Inc.*,
659 F. Supp. 3d 1072 (C.D. Cal. 2023) ........ 8

*Low v. LinkedIn Corp.*,
900 F. Supp. 2d 1010 (N.D. Cal. 2012) ........ 12

*Minor v. Fedex Off. & Print Servs., Inc.*,
182 F. Supp. 3d 966 (N.D. Cal. 2016) ........ 3

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998) ........ 3

*Price v. Carnival Corp.*,
712 F. Supp. 3d 1347 (S.D. Cal. 2024) ........ 10

*R.C. v. Walgreen Co.*,
733 F. Supp. 3d 876 (C.D. Cal. 2024) ........ 5, 12

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. Jan. 25, 2022) ........ 8

*Sallie Holly v. Alta Newport Hosp., Inc.*,
2020 WL 6161457 (C.D. Cal. Oct. 21, 2020) ........ 12

*Smith v. YETI Coolers, LLC*,
754 F. Supp. 3d 933 (N.D. Cal. 2024) ........ 5

*Stanislaus Food Prods. Co. v. USS-POSCO Indus.*,
782 F. Supp. 2d 1059 (E.D. Cal. 2011) ........ 4

*Thomas v. Papa Johns Int'l, Inc.*,
2024 WL 2060140 (S.D. Cal. May 8, 2024) ........ 11

*United States v. McKeon*,
738 F.2d 26 (2d Cir. 1984) ........ 4

*United States v. Ritchie*,
342 F.3d 903 (9th Cir. 2003) ........ 5

*United States v. Taylor*,
935 F.3d 1279 (11th Cir. 2019) ........ 11

*Vasquez v. Reilly*,
2017 WL 946306 (S.D.N.Y. Mar. 9, 2017) .......... 4

*Williams v. Cnty. of Alameda*,
26 F. Supp. 3d 925 (N.D. Cal. 2014) .......... 3

**Statutes**

California Penal Code § 631(a) .......... Passim

California Penal Code § 631 .......... 8

## I. INTRODUCTION

Instead of addressing the "simple but fatal flaw" identified by this Court in its October 27, 2025 Order [Dkt. 72] ("MTD Order"), MTD Order at 4:8, Plaintiff's Opposition Brief, much like the Plaintiff's First Amended Complaint [Dkt. 75] ("FAC"), attempts to overlook previously alleged facts in a verified pleading that are detrimental to his claims. The Court's MTD Order granted Plaintiff leave to amend their initial complaint with the instruction that they "provide *additional* information" in support of their claims, MTD Order at 4:24-25 (emphasis added), however, instead of addressing the Court's directive, Plaintiff's FAC deliberately and systematically excised any allegations detrimental to his claims. Although Plaintiff may now want to turn a blind eye towards Romantix's privacy policy ("Privacy Policy"), a document that he himself incorporated into the pleadings by referencing it extensively in the initial Complaint, the standard is clear that judicial admissions of fact, which include the content documents incorporated by reference, in prior pleadings may be referenced in subsequent pleadings. Notwithstanding the Privacy Policy, Plaintiff's FAC nevertheless fails to "provide additional information" demonstrating that the Plaintiff did not consent to Google and NextRoll's tracking software on Romantix's Website (the "Website").

Plaintiff's Opposition fails to demonstrate that he pled sufficient facts in support of his remaining causes of action. First, Plaintiff's claims are barred as a matter of law pursuant to the Plaintiff's consent. With respect to his cause of action brought under California Penal Code § 631(a), Plaintiff's claim fails because the FAC does not allege Google or NextRoll's tracking software read, attempted to read, or learn the content of his communications with the Website while these were "in transit." Accordingly, Innov8 cannot be held liable for aiding and abetting Google and NextRoll's violation of section 631(a). Finally, Plaintiff's Opposition Brief concedes that Plaintiff's negligence cause of action is deficient by admitting a failure to plead damages—a

concession underscored by his request for further leave to amend. Accordingly, Innov8 respectfully requests the Court's dismissal of Plaintiff's claims against Innov8 with prejudice.

## II. ARGUMENT

### A. Plaintiff's Opposition Brief Fails to Rebut the Court's Prior Determination that Plaintiff Consented to the Tracking Software on the Website

#### *i. Consideration of the Website's Privacy Policy is Proper*

As Innov8 noted in its Motion to Dismiss [Dkt. 88] ("Mot."), this Court dismissed Plaintiff's initial Complaint based on his failure to plead a lack of consent. MTD Order at 4:27-5:1; Mot. at 2:11-16. The Court compelled Plaintiff to amend to his allegations to "provide additional information about what [he] knew of the [Privacy Policy], when they knew it, and whether that information had any effect on [his] decisions related to the site." MTD Order at 4:24-26. Innov8's Motion further explained that Plaintiff's FAC did not add any such allegations or explanation. *See* Mot. at 3:2-7. Instead of addressing that failure, Plaintiff's Opposition Brief inexplicably attempts to argue, for the first time, that he is not required to allege a lack of consent and that the burden of doing so falls on Innov8. Oppo. at 4:27-28. He then doubles down on this position by ignoring the Court's MTD Order altogether and attempting to convince everyone to ignore the Privacy Policy simply by removing his prior allegations relying upon it. Neither attempt is viable.

First, Plaintiff's wiretapping claim under the California Invasion of Privacy ("CIPA") section 631(a) requires him to plausibly allege (and ultimately prove) lack of consent. The statute creates liability in a person who "***without the consent*** of all parties" to a communication, intercepts that communication. Cal. Pen. Code 631(a) (emphasis added). As this Court noted in the MTD Order dismissing Plaintiff's Initial Complaint, consent, or a lack thereof, is an element to Plaintiff's section 631(a) claim (as well as his negligence claim) such that Plaintiff has the burden of alleging and then proving the same, and that consent to the complained of activity generally defeats a tort

claim. *See* MTD Order at 5:4-12. The cases cited by Plaintiff in his Opposition Brief supposedly to the contrary addressed other statutes such as the federal Electronic Communications Privacy Act which do not include such language making lack of consent an element of the claim. Thus, Plaintiff's argument on this front is easily dispatched.

Second, Plaintiff's argument that the Privacy Policy cannot be considered simply because he removed his allegations relying upon it is equally unavailing. Plaintiff is precluded "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006). Plaintiff cannot simply try to plead around unfavorable allegations, which he previously not just acknowledged but relied upon, that form the basis for his claims.

Furthermore, the Northern District recognizes the consideration of facts alleged in prior pleadings where "the amended complaint incorporates by reference portions of the prior pleading." *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014); *Minor v. Fedex Off. & Print Servs., Inc.*, 182 F. Supp. 3d 966, 976 (N.D. Cal. 2016). Here, Plaintiff's FAC directly references the initial Complaint and the evidentiary exhibits submitted in support thereof. *See* FAC ¶ 81 ("The specific categories of products Mr. Bradley browsed and the search queries he ran are identified in Exhibit B ***to the Complaint***, which was filed under seal to protect Mr. Bradley's privacy. Dkt. Nos. 1-2, 13, 29." (emphasis added)). Plaintiff cannot rely on the allegations and evidence referenced in the initial Complaint and in the same breath say that Defendant's reliance on the same pleadings is improper. Accordingly, the initial Complaint is incorporated by reference in the FAC, including the Privacy Policy, and Innov8's reliance on the Privacy Policy is proper.

It is also well-established that "when a complaint contains allegations that are fatal to a cause of action, a plaintiff cannot avoid those defects simply by filing an amended complaint that omits

the problematic facts." *See Jackson v. Loews Hotels, Inc*., 2019 WL 6721637, at *3 (C.D. Cal. July 24, 2019) (dismissing, without further leave to amend, in part because the "SAC merely *omits* previously- pled material information that harms Plaintiff's case," and finding that those omitted allegations are appropriately characterized as "***judicial admissions that Plaintiff has not cured***" (emphasis added)); *Accord Vasquez v. Reilly,* 2017 WL 946306, at *3 (S.D.N.Y. Mar. 9, 2017) ("Where a 'plaintiff blatantly changes his statement of the facts in order to respond to the defendant's motion to dismiss and directly contradicts the facts set forth in his original complaint,' a court is authorized 'to accept the facts described in the original complaint as true.'" (internal quotation marks omitted)). This determination is consistent with the view that "[a] party ... cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories." *United States v. McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) (emphasis added). Courts "d[o] not ignore the prior allegations in determining the plausibility of the current pleadings," even when Plaintiff makes inconsistent or even contradictory allegations in the amended pleadings. *Stanislaus Food Prods. Co. v. USS-POSCO Indus.*, 782 F. Supp. 2d 1059, 1075 (E.D. Cal. 2011); *see also Cole v. Sunnyvale*, 2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010) (considering an exhibit that was attached to the original complaint but not the Third Amended Complaint, because the "court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether the Third Amended Complaint plausibly suggests an entitlement to relief, as required under *Iqbal*").

Regardless, courts may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the . . . pleading." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012). "Documents may be incorporated by reference into a complaint if the

plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The defendant in turn "may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.* Courts have incorporated website privacy policies where the Plaintiff "makes allegations regarding the existence and content of the Privacy Policy" in their pleading. *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 941 n.2 (N.D. Cal. 2024); *see also R.C. v. Walgreen Co.,* 733 F. Supp. 3d 876, 884 n.2 (C.D. Cal. 2024) (same).

Thus, Plaintiff's argument in their Opposition Brief that the Privacy Policy cannot be considered is a non-starter on several grounds. First, Plaintiff cannot simply directly contradict alleged facts contained in the Initial Complaint. Second, the FAC complaint itself implicitly refers to the Privacy Policy. Finally, the FAC incorporates the initial complaint, which itself expressly relies upon the Privacy Policy. Given that Plaintiff also failed to address this Court's concerns by explaining when and how he first became aware of the Privacy Policy, the conclusion here is thus the same as with respect to the initial Complaint – he has not plausibly alleged lack of consent.

*ii. Plaintiff's own allegations and the privacy policy demonstrate his consent*

Plaintiff's Opposition Brief references materials attached to Google LLC's attorney declaration in support of Google's Request for Judicial Notice to argue that the Privacy Policy did not put Plaintiff on notice of the alleged conduct. *See* Oppo. 6:16-24. Plaintiff argues that the statements "Your Data is Important**,**" and "we do collect . . . data *in order to deliver the goods and services you request from us.* . . . we DO NOT resell any data to third parties FOR ANY REASON," in the Privacy Policy led Plaintiff to reasonably believe Innov8 and Romantix would not share his sensitive data. Oppo. at 7:7-15 citing Dkt. No. 87-2 Corkery Decl. ISO Request for Judicial Notice ("Corkery Decl.") Ex. B at 9 of 21. However, the Plaintiff's Opposition Brief, like his FAC, relies

on selective reading of the Privacy Policy and omits sections that explicitly disclose the website's use of tracking software to collect and track Website visitor's activity on the Website. For example, in the same paragraph, the Privacy Policy states that visitor data is used "to help you find relevant products and to deliver product," which explicitly discloses that the Website collects and uses visitors' data for marketing purposes. *See* Corkery Decl. Ex. B at 9 of 21 (emphasis included). Furthermore, the Privacy Policy discloses that the Website:

> "may obtain and process information related to your use of this Website and the services we provide. Use data may include your IP address, geographical location, browser type and version, operating system, referral source, length of visit, page views and website navigation paths, as well as information about the timing, frequency and pattern of your service use. Such data is collected automatically. . . by our platform using various tools and software applications, including cookies and other ***tracking technologies***."

*See id.* at 11 of 21 (emphasis added). Also, the Privacy Policy states the Website "may disclose your Personal Data that we collect or that you provide, as described in this privacy policy, to third parties insofar as reasonably necessary for the relevant purposes" including "to one or more of our third party advertisers or suppliers of goods and services identified on our website for the purpose of enabling them to contact you so that you can receive the goods or services you have purchased while using our Website." *See id.* at 14 of 21.

Contrary to his opposition arguments, Plaintiff's new allegations in the FAC only further establish that he either was aware of the Privacy Policy or actively ignored it at his own peril. The primary new allegation in the FAC is his assertion that he saw a banner stating the Romantix "website uses ***cookies*** to improve user experience" and links to the Privacy Policy. *See* FAC ¶ 50 (emphasis added). He further alleges he opted to "Decline All" cookies on the consent banner. *See id* ¶ 87. However, even accepting that as true, as we must, that has no bearing on Plaintiff's claims here – he complains about information being shared with third parties via tracking technologies, not about the use of cookies. To the extent Plaintiff's allegations can be understood to mean he did not

read the Privacy Policy (which would be in direct contradiction to what was established in the Initial Complaint), that would then mean he was presented with a link to the policy, he actively declined to review it, and he proceeded anyway. Put differently, if he is claiming he thought the consent banner applied to something broader than cookies, that is the result of him actively declining to read the Privacy Policy while at the same time making assumptions about the Privacy Policy's contents. Plaintiff cannot bury his head in the sand and at the same time complain that he did not understand what would have been explained if he had ready the Policy.

If that were not enough, Plaintiff also does not allege when he first saw the cookie consent banner and link to the Privacy Policy. Per Plaintiff's own allegations, he visited and interacted with the Website over the course of multiple years, browsing and purchasing products from the Website during these visits. *See id.* ¶ 81. At some unspecified point after his first visit, Plaintiff claims he observed the cookie consent banner. *Id.* ¶ 87. Plaintiff's FAC does not specify when he first became aware of the consent banner or when he used the banner to decline the cookies and tracking software on the Website. Accordingly, it is unclear at what point in the Plaintiff's use of the Website he became aware of the cookie consent banner and Privacy Policy.

Furthermore, Plaintiff does not allege what his interactions on the Website entailed after he first interacted with the cookie consent banner. Although Plaintiff alleges that he used the Website to browse for and purchase products, the FAC does not specify if these interactions occurred before or after he did so, and was therefore aware of the Privacy Policy's content – despite this Court's Order instructing him to do so. Finally, Plaintiff fails to respond to Innov8's and Google's arguments that he did not experience any targeted advertising that he himself alleges would have been the result of Google receiving his communications.

Based on the foregoing, Plaintiff's FAC and Opposition Brief fail to overcome the deficiencies identified by the Court in its MTD Order, therefore Plaintiff has failed to demonstrate

a lack of consent on his part to the tracking software on the Website. Plaintiff's claims should therefore be dismissed in their entirety.

### B. Plaintiff's CIPA Cause of Action Is Not Adequately Pled and Warrants Dismissal

#### *i. Plaintiff does Not Adequately Allege The Alleged Interception Occurred "While in Transit"*

Plaintiff's CIPA claim is premised on the theory that Innov8 violated Cal. Penal Code § 631(a) by aiding and abetting Google and NextRoll's violation of CIPA. Contrary to Plaintiff's contention that a plaintiff need only allege that his communications were intercepted in real time, Oppo at 9:19-20, a Plaintiff "must provide more than conclusory allegations that messages were intercepted 'during transmission and in real time.'" *Licea v. Am. Eagle Outfitters, Inc.*, 659 F. Supp. 3d 1072, 1085 (C.D. Cal. 2023); *see also Rodriguez v. Google LLC,* 2022 WL 214552, at *1 (N.D. Cal. Jan. 25, 2022) ("[u]sing the word 'intercept' repeatedly is simply not enough without the addition of specific facts" that make it plausible that plaintiff's information is being intercepted while "in transit.")

Plaintiff's Opposition fails to adequately address the actual language of CIPA's wiretapping provision which states section 631(a) "is violated when a person ***reads, or attempts to read, or to learn*** the contents or meaning of any message, report, or communication ***while the same is in transit*** or passing over any wire, line, or cable." *In re Meta Pixel Healthcare Litig*., 647 F. Supp. 3d 778, 798 (N.D. Cal. 2022) (emphasis added).

Plaintiff's FAC generally alleges that Google and NextRoll's tools on the Website collected and tracked his activity and interactions on the Website, *see* FAC ¶¶ 31, 35, 44, however these allegations do not actually demonstrate that either Google or NextRoll ***actually read, attempted to read, or learn the contents*** of his communications while these were "in transit." *See James v. Allstate Ins. Co*., 2023 WL 8879246, at *3 (N.D. Cal. Dec. 22, 2023) (dismissing Section 631 claim and holding that "Plaintiff has [] not alleged Heap read, attempted to read, or to learn the meaning of his communications with Allstate; rather, he merely alleges Heap recorded the data and stores it on its servers.").

Plaintiff's Opposition Brief argues that Google and NextRoll intercept and used his data "in real-time to send users targeted advertising" and that "Google and NextRoll would be unable to do so without 'learn[ing] the contents' of user communications to determine which advertisements to target them with." Oppo. at 10:24-27; FAC ¶¶ 31, 40, 47. However, the FAC is devoid of any factual allegations which support this argument. Plaintiff alleges throughout the FAC that Google and NextRoll collected his information for marketing purposes which then allowed them to direct targeted advertisements at Plaintiff, but does not actually allege he observed or received targeted ads that were plausibly attributable to the alleged interpretation. *See* FAC ¶¶ 31, 39, 41-42, 44, 47-49. Instead, the FAC relies on allegations that are completely speculative and conjectural. The FAC alleges "Google *can* associate [a] unique ID with a specific individual" (FAC ¶ 37), "Google *can* associate that individual … with their specific shopping activity on Romantix.com" (FAC ¶ 38), and that "AdRoll *can* generate and show personalized ads to the same user on other sites (FAC ¶ 44). These allegations are purely speculative and unsupported by factual allegations that Google or NextRoll did in fact read, attempted to read, or learn the contents of Plaintiff's communications. A claim under section 631(a) cannot be based on speculation regarding a tracking software's capabilities. *See Heiting v. Taro Pharms. USA, Inc.*, 709 F. Supp. 3d 1007, 1017 (C.D. Cal. 2023) ("plaintiff still must have ***at least*** pled some non-conclusory factual allegations to support the use capabilities of the third-party software company involved." (emphasis added)).

Moreover, Plaintiff predictably opposes Innov8's discussion of the *Doe v. Eating Recovery Center, LLC* opinion on the basis that the decision was reached at the summary judgment stage and was based on undisputed facts presented to the court by the parties. Oppo. at 10:14-16. However, the relevant holding of the court in *Eating Recovery Center, LLC* as cited by Innov8 was not based on a factual determination, but rather a purely legal analysis which applied the rule of lenity to address section 631(a)'s ambiguous second clause, based solely on the language of the statute and its nature as a penal statute – both of which equally apply here. *Doe v. Eating Recovery Ctr. LLC,* 806 F. Supp. 3d 1109, 1118 (N.D. Cal. 2025). The court's application of the rule of lenity in evaluating the plaintiff's section 631(a) claim did not require an evaluation of the undisputed facts

but rather an evaluation of policy and CIPA's legislative history. *Id.* at 1118-19. There is no reason to apply a different legal analysis here and the Plaintiff offers none.

*ii. The Information Plaintiff Alleges was Intercepted is Not the "Content" of his Communications*

The information Plaintiff alleges was tracked by tracking software on the website includes "unique identifiers and other data, including browsing patterns and product interests", FAC ¶ 31, which constitute nothing more than record information that cannot support a CIPA claim. *Katz-Lacabe v. Oracle Am., Inc.,* 668 F. Supp. 3d 928, 945 n.9 (N.D. Cal. 2023) (holding "information, which include webpage titles, webpage keywords, the date and times of website visits, IP addresses, page visits, purchase intent signals, and add-to-cart actions, are conceded to be record information that does not constitute 'content'").

Plaintiff's Opposition Brief relies on cases involving more specific information – further demonstrating why they have not alleged this element of the claim here specific allegations wherein the plaintiffs communicated the content of communications—not record information—to the defendant website. *Cousin v. Sharp Healthcare,* 702 F. Supp. 3d 967, 976 (S.D. Cal. 2023) (plaintiffs included personal medical information in their search queries for "specialty healthcare providers and treatment for medical conditions"); *Price v. Carnival Corp.,* 712 F. Supp. 3d 1347, 1360-61 (S.D. Cal. 2024) (substantive travel details in addition to personal information).

Perhaps more to the point, Plaintiff agrees the communication he believes contains "content" is the URL which he shows in its entirety in his FAC (albeit with highlighting showing the portion he wants the parties and Court to focus on). Notwithstanding Plaintiff's arguments about what a sophisticated person could ascertain from the URL, the mere fact that he himself feels the need to highlight and annotate it to allow the reader to reach his desired understanding of it speaks volumes about whether it is actually the "content" of a communication.

Plaintiff's FAC fails to adequately allege the NextRoll and Google tools violate CIPA. Therefore, Plaintiff cannot allege that Innov8 aided and abetted NextRoll or Google in their violation of the statute. Accordingly, Plaintiff's claim under section 631(a) against Innov8 should be dismissed.

**C. Plaintiff's Negligence Cause of Action Is Not Adequately Pled and Warrants Dismissal**

*i. Plaintiff Fails to Allege Innov8 Owed him Duty of Care*

Plaintiff's Opposition Brief relies on *Doe v. Kaiser Found. Health Plan, Inc.,* to argue Innov8 owed Plaintiff a duty of care not to aid third parties in their violation of section 631(a). However, *Kaiser* is inapplicable as it addresses a negligence per se cause of action which is distinct from a general negligence cause of action. *Doe v. Kaiser Found. Health Plan, Inc.*, 2024 WL 1589982, at *22-23 (N.D. Cal. Apr. 11, 2024). Here, Plaintiff does not assert Innov8 should be liable under a negligence *per* se theory. The only statute Plaintiff claims Innov8 violated is CIPA's section 631(a) (likely because there is no statute which protects the information he claims was shared when he used the Romantix website), under which he asserts a direct right of action.

Plaintiff's Opposition also attempts to argue that the sexual nature of the information disclosed on the Website creates a duty of care to protect such information from disclosure. Oppo. at 15:11-20. Plaintiff's argument is based on the theory that his interactions on Romantix's website, a publicly available retail website, constitute "Private and Protected Sexual Information" or "PPSI". As Innov8 has pointed out in is briefing to dismiss the Initial Complaint and the FAC, this is a "category" of information solely contrived by Plaintiff that is not recognized by any statute or published court opinion. Moreover, as discussed above and at length in Innov8's Motion, the information Plaintiff seeks to cast as "sexual" is simply an HTTP URL – an alphanumeric string that speaks for itself. Plaintiff fails to explain why he believes Innov8 has a duty to protect the URL of the webpage he visited on the Romantix site.

Beyond those shortcomings, Plaintiff's beliefs and expectations fly in the face of the nature of navigating online retail websites. As a general matter, "[g]iven the inherent nature of the internet, … consumers do not have a reasonable expectation of privacy over their activity" on a public website. *Thomas v. Papa Johns Int'l, Inc.,* 2024 WL 2060140, at *2 (S.D. Cal. May 8, 2024) (collecting cases); *see also United States v. Taylor,* 935 F.3d 1279, 1284 n.4 (11th Cir. 2019) (browsing the internet is like "traveling along the equivalent of 'public highways'"); *In re Nickelodeon Consumer Priv. Litig.,* 827 F.3d 262, 266 (3d Cir. 2016) ("Most of us understand that

what we do on the Internet is not completely private."). Accordingly, Plaintiff has not demonstrated Innov8 owed Plaintiff of duty of care not to disclose their online retail activity on the publicly available Website.

*ii. Plaintiff's Opposition Concedes the FAC does not Allege any Cognizable Incur Damages*

For a negligence claim to survive, Plaintiff must allege that the defendant's negligent conduct "result[ed] in actual damages from the complained-of conduct." *Sallie Holly v. Alta Newport Hosp., Inc.*, 2020 WL 6161457, at *3 (C.D. Cal. Oct. 21, 2020). Indeed, in cases involving data privacy claims such as the matter at issue plaintiff must allege an "appreciable, nonspeculative, present injury" in support of their negligence claim. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1032 (N.D. Cal. 2012).

In *Ashcroft v. Iqbal*, the U.S. Supreme Court noted that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009). This standard also applies in instances where a Plaintiff pleads multiple causes of action in the alternative to each other. *FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1073 fn. 69 (C.D. Cal. 2015) ("pursuit of alternative relief does not relieve plaintiffs of their obligation to plead sufficient factual allegations in support of that request").

Plaintiff's Opposition Brief, in so many words, concedes he did not plead the requisite damages element of his negligence claim. His Opposition Brief states his negligence claim is pled in the alternative to his statutory CIPA claim. Oppo. at 17:19-21. However he does not explain why this should exempt him from alleging sufficient factual allegations demonstrating all the requisite elements in support of his negligence claim – which, of course, it does not. Plaintiff's FAC, much like his Initial Complaint, admits he is not aware of any damages sustained as a result of Innov8's alleged negligent conduct and instead expects that a jury will do that work for him, alleging only unspecified damages "to be determined at trial." *See* Comp. ¶ 170; FAC ¶ 141. Such vague and speculative allegations are insufficient to demonstrate the damages element of a negligence claim. *See Walgreen,* 733 F. Supp. 3d at 898.

Apparently recognizing the insufficiency of his allegations, Plaintiff states "though not currently alleged, if granted leave, Plaintiff could add allegations regarding the value of his data." Oppo. at 17:26-27. Plaintiff does not explain why he did not include such allegations in either his Initial Complaint or FAC, despite seemingly acknowledging their relevance to his claims, and despite having over eight months between the filing of the initial complaint and the amended complaint to determine the value of his alleged damages. Moreover, Plaintiff also does not explain why adding allegations regarding the value of his data would save his claim in any event. Even to the extent he can allege his information had some amount of value, that is not an allegation he has sustained cognizable damages that could support a negligence claim.

## III. CONCLUSION

For the reasons stated above, Innov8 respectfully requests the Court dismiss Plaintiff's claims against Innov8 in their entirety and deny leave to amend their defective FAC.

Date: March 6, 2026

**MULLEN COUGHLIN**

By: /s/ Edgar F. Navarrete
James F. Monagle
Michael Jervis
Edgar F. Navarrete
Attorneys for Defendant,
INNOV8 SOLUTIONS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 6, 2026, I electronically filed the foregoing **DEFENDANT INNOV8 SOLUTIONS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLANTIFFS' AMENDED CLASS ACTION COMPLAINT** with the United States District Court for the Northern District of California by using the CM/ECF system, which will send a notice of filing to all registered users, including counsel for all parties .

Date: March 6, 2026

**MULLEN COUGHLIN**

By: /s/ Edgar F. Navarrete
James F. Monagle
Michael Jervis
Edgar F. Navarrete
Attorneys for Defendant,
INNOV8 SOLUTIONS, INC.