UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HENRY BRADLEY,

          Plaintiff,

    v.

ROMANTIX ONLINE, INC., et al.,

          Defendants.

Case No. 25-cv-02465-NW

**ORDER DENYING MOTIONS TO STAY DEPOSITIONS**

Re: ECF Nos. 104, 109

On March 11, 2025, Plaintiffs Paul Perez and Henry Bradley, individually and on behalf of all others similarly situated, filed this action against Defendants Romantix Online, Inc. ("Romantix"), Innov8 Solutions, Inc. ("Innov8"), Google LLC ("Google"), and Nextroll, Inc. ("NextRoll") alleging a series of privacy violations. ECF No. 1. After the Court granted motions to dismiss the original complaint filed by Google and Innov8 on October 27, 2025, *see* ECF No. 72, Plaintiff Bradley timely filed a first amended complaint ("FAC") that removed Perez as a named Plaintiff. ECF No. 75. Google and Innov8 timely filed respective motions to dismiss the FAC on January 9, 2026. *See* ECF Nos. 87, 88. On December 19, 2025, two weeks before filing its motion to dismiss, Google filed a motion to stay discovery pending resolution of its forthcoming motion. ECF No. 82. Innov8 joined Google's motion on January 6, 2026. ECF No. 84. On February 26, 2026, the Court granted Google's motion to stay and Innov8's joinder, noting specifically that discovery in the case was "stayed as to Google and Innov8 Solutions only." ECF No. 97.

The two other Defendants in this action, Romantix and NextRoll, have not generally followed Google and Innov8's strategy. Instead of moving to dismiss either the original complaint

United States District Court
Northern District of California

or the FAC, both Romantix and NextRoll[1] answered.  *See* ECF Nos. 28, 45, 80, 86.  Additionally, unlike Innov8, neither Romantix nor NextRoll joined Google's motion to stay discovery.  Nevertheless, now before the Court are motions to stay (1) the depositions of anyone affiliated with Romantix and (2) the depositions of anyone affiliated with NextRoll pending resolution of Google's and Innov8's motions to dismiss.  ECF Nos. 104, 109.

These motions are DENIED.  Under Rule 26 of the Federal Rules of Civil Procedure, the party seeking to avoid discovery is required to show "good cause" for why the requested discovery should not be permitted.  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).  With respect to depositions, "a strong showing is required before a party will be denied entirely the right to take a deposition."  *Id*.  "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."  *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

Neither Romantix nor NextRoll have met this burden or even attempted to do so.  Instead, both parties describe Plaintiff's deposition notices as attempts to obtain *expedited discovery*, presumably because it would then be Plaintiff's burden to demonstrate good cause for that request.[2]  This argument is illogical and misleading.  Where, as here, the parties have conducted a Rule 26(f) conference, "[i]t follows that discovery is open."  *XR Commc'ns, LLC v. Ruckus Wireless, Inc.*, No. CV1702961AGJCGX, 2017 WL 10743046, at *1 (C.D. Cal. Aug. 2, 2017); *Manpower Inc. v. Slingshot Connections LLC*, No. 2:12-CV-01069 JAM, 2012 WL 3561974, at *3 (E.D. Cal. Aug. 17, 2012) (finding request for expedited discovery moot where "[t]he parties have already conducted their Rule 26(f) conference, discovery is now open, and plaintiff has

---

[1] The Court notes that NextRoll filed its answer on January 8, 2026, long after the deadline to do so had passed.  ECF No. 86; Fed. R. Civ. P. 15 (requiring a party to respond to an amended pleading "within 14 days after service of the amended pleading.").   Because Plaintiff filed the FAC on November 17, 2025, ECF No. 75, NextRoll's answer was due on December 1, 2025.  Romantix, by contrast, timely filed its answer by December 1.  ECF No. 80; *see also* ECF No. 81 (extending deadline for Google and Innov8 only to file their responsive pleadings).  NextRoll is admonished that future filings that do not comply with Court deadlines may result in sanctions.

[2] The Court's review of both motions demonstrates that the majority of NextRoll's motion is a verbatim reproduction of Romantix's motion, which was filed a week earlier.  The Court is perplexed as to why NextRoll did not merely file a notice of joinder.  Regardless, the Court will not countenance future filings that copy another party's work without attribution.

2

served six sets of discovery on defendants."); *see also* ECF Nos. 70, 89 (Joint Rule 26(f) Reports). Indeed, the text of Rule 26(d)(1) expressly permits discovery to begin "after [the parties] have conducted their Rule 26(f) conference." *C.R. Laurence Co. v. Frameless Hardware*, No. CV2101334JWHRAOX, 2022 WL 2035955, at *2 (C.D. Cal. Jan. 13, 2022).

Because neither Romantix nor NextRoll have made such a showing, their motions are DENIED. Plaintiff's depositions of individuals affiliated with Romantix and NextRoll may move forward consistent with the strictures of Rule 26.

**IT IS SO ORDERED.**

Dated: April 9, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3